United States Courts
Southern District of Texas
FILED
MAY 22 2026
Nathan Ochsner, Clerk of Court

# UNITED STATES DISTRICT COURT

for the

Southern District of Texas

Houston Division

Case No. H 26-4102
*(to be filled in by the Clerk's Office)*

REYNARD RIGUES

*Plaintiff(s)*
*(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

-v-

HARRIS COUNTY SHERIFF'S OFFICE

Deputy Seth Frydberg, ID/Badge number: 41B34

Deputy Cesar Carbajal, ID/Badge number: 41B12

Deputy Nieto, ID/Badge number: 41B16

*Defendant(s)*
*(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names. Do not include addresses here.)*

Jury Trial: *(check one)* ☒ Yes ☐ No

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
(Non–Prisoner Complaint)

**NOTICE**

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

## I. The Parties to This Complaint

### A. The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

Name: REYNARD RIGUES
Address: 1015 MARNE LN
HOUSTON (*City*) TX (*State*) 77090 (*Zip Code*)
County: HARRIS
Telephone Number: 928-713-8717
E-Mail Address: trinipilot2@gmail.com

### B. The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title (if known) and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both. Attach additional pages if needed.

Defendant No. 1

Name: Harris County Sheriff's Office
Job or Title *(if known)*:
Address: 1200 Baker St.
Houston (*City*) TX (*State*) 77002 (*Zip Code*)
County: Harris

Telephone Number: 346-286-1600 Sheriff.Gonzalez@sheriff.hctx.net
E-Mail Address *(if known)*:

☐ Individual capacity ☒ Official capacity

Defendant No. 2

Name: Seth Frydberg, ID/Badge number: 41B34
Job or Title *(if known)*: Harris County Sheriff's Office Deputy
Address: 6831 Cypresswood Dr.
Spring (*City*) TX (*State*) 77379 (*Zip Code*)
County: Harris
Telephone Number: 281-376-2997
E-Mail Address *(if known)*:

☐ Individual capacity ☒ Official capacity

Defendant No. 3

Name: Cesar Carbajal, ID/Badge number: 41B12
Job or Title *(if known)*: Harris County Sheriff's Office Deputy
Address: 6831 Cypresswood Dr.
Spring (*City*) TX (*State*) 77379 (*Zip Code*)
County: Harris
Telephone Number: 281-376-2997
E-Mail Address *(if known)*:

☐ Individual capacity ☒ Official capacity

Defendant No. 4

Name: Nieto, ID/Badge number: 41B16
Job or Title *(if known)*: Harris County Sheriff's Office Deputy
Address: 6831 Cypresswood Dr.
Spring (*City*) TX (*State*) 77379 (*Zip Code*)
County: Harris
Telephone Number: 281-376-2997
E-Mail Address *(if known)*:

☐ Individual capacity ☒ Official capacity

## II. Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)*, you may sue federal officials for the violation of certain constitutional rights.

A. Are you bringing suit against *(check all that apply)*:

☐ Federal officials (a *Bivens* claim)

☒ State or local officials (a § 1983 claim)

B. Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

The plaintiff's 1st , 4th , 5th , 8th , 9th, 10th and 14th amendment rights under the constitution of the United Statees of America.

C. Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

D. Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

Seth Frydberg, Cesar Carbajal, and Nieto are deputies (law enforcment officers) of the Harris County Sheriff's Office. Harris County Sheriff's Office is a law enforcement agency that employs Seth Frydberg, Cesar Carbajal, and Nieto as deputies.

## III. Statement of Claim

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A. Where did the events giving rise to your claim(s) occur?

The plaintiff's house: 1015 Marne Ln, Houston, TX 77090.

B. What date and approximate time did the events giving rise to your claim(s) occur?

25 MAY 2024 from 1600 to 2000. The plaintiff was incarcerated for 28 and a half hours from 2000 on the 25th. Events have been onging, since the 26th of May, 2024 until present.

C. What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*

On May 25th, 2024 around 1630 Deputy Frydberg came to the plaintiff's residence. He knocked on the door and claimed that he got a call about the vehicles that were legally parked on the public streets around the plaintiff's house. No such call was made or any report was made to the sheriff's office about the plaintiff's residence were made at anytime on this day. When the plaintiff answered the door, he and the deputy had a short conversation in which the deputy threatened to have the plaintiff's legally parked vehicles towed, and accused the plaintiff of having warrants when the plaintiff refused to give the deputy his name. At that point the plaintiff told Deputy Frydberg to get the fuck off his property and not to come back without a warrant and to ticket the legally parked vehicles before having them towed.

Deputy Frydberg left and came back about an hour later with Deputy Carbajal. At this time the plaintiff was outside of his residence at the rear of his property in his driveway repairing his vehicle. The plaintiff noticed Deputy Frydberg placing stickers on some of the vehicles parked on the street near his house. The plaintiff began recording this activity with his phone. Deputy Frydberg noticed the plaintiff recording and approached him. He began to question and approach the plaintiff. The plaintiff backed up and was within the curtilage of this home when Deputy Carbajal pounced on the plaintiff and slammed the plaintiff up against his vehicle in his driveway. Deputy Frydberg grabbed the plaintiff, and they both proceded to pin the plaintiff up against his vehicle in his driveway, less than 3 feet from the opened garage door to the plaintiff's attached garage. This is the curtilage to the plaintiff's home. The plaintiff was not resisting, yet the deputies kept yelling stop resisting, while Deputy Frydberg bent the plaintiff's right arm so far back that his hand touched the back of his head cause severe pain and injuries to the plaintiff's right shoulder, elbow, wrist, and skin on that arm. Deputy Frydberg put the handcuffs on so tight that they cut the plaintiff's skin. He ripped the plaintiff's phone out of his hand which cracked it and then he stopped it from recording. This is a clear violation of the plaintiff's 1st Amendment rights. When the plaintiff questioned the tightness of the cuffs, both the deputies made snide remarks and taunted the plaintiff. This a voilation of the plaintiff's 8th amentment rights as it is cruel and unusal punishment. This punishment would continue as Deputy Frydberg would push down on the handcuffs while escorting the plaintiff to the patrol car of Deputy Carbajal, and then again at the jail. This caused excruciating pain and exaternated the injuries of the plaintiff.

The plaintiff was then searched, his phone siezed, and placed in the back of Deputy Cargajal's patrol car. All of which are violations of the plaintiff's 4th amendment rights. At no point did either deputy tell the plaintiff why he was in handcuffs, being searched, or being placed in the back of the patrol car. They just kept questioning the plaintiff despite him envoking his 5th amendment rights. These are all voilations of the plaintiff's 4th and 5th amendment rights. The plaintiff was in the back of the patrol car for hours before being transported to the jail. This is cruel and unusal punishment as the car was hot, cramped, and the handcuffs were on extremly tight on the plaintiff. Another violation of the plaintiff's 8th amendment rights.

While transporting the plaintiff to the jail, Deputy Carbajal would speed up beyond the speed limit and then slam on his brakes causing the plaintiff's head to hit the partition in the patrol car as he was not porperly belted in. Deputy Carbajal did this several time causing injury to the plaintiff's head. Another violation of the plaintiff's 8th amendment rights. For weeks following the arrest, the plaintiff would get blinding headaches for hours on end. When they arrived at the jail Deputy Frydberg would push down on the handcuffs while escorting the plaintiff into the jail causing more pain, cuts and bruises to the plaintiff arms. He did not do this in the presence of the sargent at the jail, but Deputy Carbajal was presend and aided Deputy Frydberg in this punishing behavior. The plaintiff was then verbally thretned with jail time if he did not sign the parking tickets for the legally parked vehicles, a violation of the plaintiff's 5th amendment rights.

It was not until the next day at the central jail did the plaintiff find out he was being charged with two secondary charges for of failure to provide identification and resisting arrest despite there not being any primary charges. As parking tickets are civil offenses and not criminal, arrest are not warrented, and cannot be primary charges. This arrest and excessive use of force against the plaintiff by deputies

Frydberg and Carbajal is a clear case of retaliation against the plaintiff for him telling Deputy Frydberg to get the fuck off his property. The plaintiff would spend thousands of dollars defending himself against these bogus charges, and then he would take numerous days off work, which hurt him financially, to go to court to answer for the bogus parking tickets, all of which were dismissed because the vehicles were legally parked.

In the days, weeks, and months following the arrest, Deputy Nieto would take up the harassment and punishment mantel where deputies Frydberg and Carbajal left off. He would write a lot parking tickets for the plaintiff's legally parked vehicles on the public streets causing the plaintiff to have to take time off work to go to court only to have tickets already dismessed because Deputy Nieto would not show up to court or the ADA would dismiss the tickets as the vehicles were legally parked. Deputy Nieto would pull over the plaintiff and members of his family without cause and write tickets, again, forcing them to take time off work to answer for these bogus tickets that would always be dismissed. This happened almost fifty times, and counting, and it hurt the plaintiff financially, and it caused the plaintiff emotional distress and anxity.

These actions clearly show that these deputies sort out to bully and punish the plaintiff for simply, legally parking vehicles or having vehicles legally parked on the public streets near his house, which is a violation of the plaintiff's 1st, 9th , and 14th, amendment rights, as they targated the plaintiff and no one else who had vehicles parked on the sreets near their houses. They retaliated against the plaintiff for simply asking one of them to leave his propery.

It is clear that Harris County Sheriff's Office did not properly train nor supervise these deputies, which makes them equally liable and responsible for their actions.

## IV. Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

The plaintiff suffered injuries to this arms. His right arm was severely injured with lighment tears to muscles in his shoulder, elbow and wrist of that arm. He also suffered injuries to his left shoulder. He had deep lacerations and scratches from the handcuffs on both wrists. The plaintiff also suffered a mild concussion from having his head banged against the vehicle partition because of Deputy Carbajal accelerating and then slamming on the brakes. Risidual headaches would follow for months following the incident. The plaintiff had to have his right arm in a sling for over 8 weeks following the incident. He also had to have physical therapy on that arm as he was unable to raise the arm about his head following the unlawfull arrest. The plaintiff suffered emotional distress and anxity both of which are ongoing.

## V. Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged. Explain the basis for these claims.

The plaintiff is seeking monetary damages in the amount of $28,500,000.00 (twenty-eight million, five hundred thousand dollars). The plaintiff spent over $5000 defending himself against these bogus charges. Took time off work, to the tune of $172,000 in lost wages, to answer the tickets issued for legally parking on the public streets. The balance of the claim is for future medical expenses and punitive damage for the plaintiff's physical and emotional pain and suffering.

The plaintiff is also seeking the termination of these deputies and their piece officer's certificates being revoked, and a letter of apology from the Harris County Sheriff's Office.

## VI. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: May 22nd, 2026

Signature of Plaintiff [signature]

Printed Name of Plaintiff REYNARD RIGUES

### B. For Attorneys

Date of signing: ____________________

Signature of Attorney ____________________

Printed Name of Attorney ____________________

Bar Number ____________________

Name of Law Firm ____________________

Address ____________________

____________________ *City* ____________ *State* ____________ *Zip Code*

Telephone Number ____________________

E-mail Address ____________________